Death Opinion














IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,492






HELIBERTO CHI


v.



THE STATE OF TEXAS





ON DIRECT APPEAL


FROM TARRANT COUNTY






 Keasler J., delivered the opinion for a unanimous Court.


O P I N I O N




 Heliberto Chi was convicted in November 2002 of capital murder. (1) Pursuant to the
jury's answers to the special issues set forth in Texas Code of Criminal Procedure Article
37.071, §§ 2(b) and 2(e), the trial judge sentenced Chi to death. (2) Direct appeal to this Court
is automatic. (3) Chi raises six points of error challenging his conviction and sentence. We
reject his contentions and affirm his conviction and sentence. 

 In point of error one, Chi claims the Texas death penalty scheme is unconstitutional
because it fails to require that the State prove there are no mitigating circumstances sufficient
to warrant the imposition of a life sentence. He relies on Apprendi v. New Jersey (4) and Ring
v. Arizona. (5) We have addressed and rejected this argument in previous cases. (6) Chi also argues
that the death penalty scheme is unconstitutional as applied to him because it failed to place
any burden on the State to disprove statistical evidence presented by Chi that there was a 27.8
percent chance that he would commit future acts of violence that would constitute a threat to
prison society. The character or type of evidence offered by Chi on the future dangerousness
or mitigation issues has no effect on whether the State bears a burden of proof on the
mitigation issue. And the State bears the burden of proof on the future dangerousness issue. 
Finally, the jury is charged with the task of evaluating the credibility of and placing a value on
the evidence presented, including the statistical evidence in this case. (7) Point of error one is
overruled.

 In point of error two, Chi claims the trial court erred by failing to charge the jury that
a beyond a reasonable doubt standard applied to the mitigation issue. Chi refers to point of
error one for the constitutional basis of this argument. Because there is no constitutional
requirement that the State prove the absence of mitigating circumstances, the trial court did
not err in refusing to so instruct the jury. Point of error two is overruled.

 In point of error three, Chi claims the evidence was legally insufficient to prove he had
the requisite intent to kill. In the late afternoon of March 24, 2001, Chi entered the K&G
Men's Store in Arlington and approached one of the employees. She recognized him as a
former employee of the store. He questioned her about whether there were policemen on duty
in the store and whether they were uniformed or in plain clothes. He also asked how many
employees were working that day and she pointed them out. Chi then had a discussion with the
manager, Armand Paliotta, and the assistant manager, Gloria Mendoza, in which he asked for,
and was provided, the phone number of one of the employees. Chi remained in the store about
30 minutes before leaving. The store closed at 7 p.m. Paliotta, Mendoza, and another
employee, Adrian Riojas, remained to attend to closing duties. Paliotta counted the money and
prepared the bank bag for deposit, and Mendoza and Riojas shut down the computers and
completed closing matters. Around 8 p.m., Chi knocked on the front door of the store and
Paliotta unlocked the door and let him in. Chi stated that he had left his wallet in the tailor
shop at the back and went to look for it. The others finished their closing duties and waited for
Chi at the front of the store. Paliotta, who was holding the bank bag, held the door open and
prepared to set the alarm. As Chi reached the front doors, he pulled out a gun and told them
to get back inside the store. Riojas went first, followed by Mendoza, and then Paliotta. Chi
took the bank bag from Paliotta and told the three to go to the back of the store. As they were
walking, Paliotta pushed Chi and began running to the front of the store. Chi ran after him and
then stopped and fired at him. When he turned around, Riojas and Mendoza began running. 
Riojas ran into the warehouse, pursued by Chi. Riojas quickly found himself trapped by various
locked doors. When he saw Chi approaching with his gun drawn, he began to run in a different
direction. Chi shot Riojas in the back as Riojas was running from him. After Riojas fell, Chi
stated, "Quedate apagado," which means, "Stay dead," in Spanish.

 In the meantime, Mendoza ran toward the front of the store. She checked on Paliotta
and saw that he had been shot. She called 911. Before talking to anyone, she heard the doors
from the warehouse open so she set the phone down and hid beneath a rack of clothes. She
could hear Chi's footsteps walking toward her and she heard Chi say, "Vente para frente," which
means, "Come to the front," in Spanish. Mendoza remained where she was. After at least ten
minutes, Mendoza came out from beneath the rack and checked on Paliotta again. She could
no longer detect any breathing. She returned to the phone to attempt to talk to someone at 911
and heard a conversation taking place between Riojas and the operator. The police arrived and
Riojas and Mendoza ran outside. Paliotta died from a gunshot wound to the back. Riojas
survived.

 In assessing the legal sufficiency of the evidence, the reviewing court considers all of
the evidence in the light most favorable to the verdict to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. (8) The
Jackson standard of review "gives full play to the jury's responsibility fairly to resolve
conflicts in the evidence, to weigh the evidence, and to draw reasonable inferences from the
evidence." (9) Chi claims the evidence is insufficient to prove he intended to kill Paliotta
because he stopped briefly before shooting him. Viewing the evidence in a light most favorable
to the verdict, a rational jury could view Chi's stopping before firing as indicative of an intent
to kill because it suggests that he took careful aim and was not simply running and firing
randomly in the heat of the pursuit. Moreover, Paliotta was shot in the back as he ran from Chi,
just as Chi shot Riojas in the back a few minutes later. Chi told Riojas to "stay dead" after
shooting him. A rational jury could conclude beyond a reasonable doubt that Chi intended to
kill Paliotta. Point of error three is overruled.

 In his fourth point of error, Chi claims the Texas capital murder scheme is
unconstitutional on its face and as applied to him because the life sentence option is not a
legitimate sentence alternative to death. Chi claims that because the special issues allow the
State to argue that a defendant will be a future danger to society in prison as well as outside of
prison, a life sentence is not a viable punishment option. He points to the cross-examination
of his expert witness, S.O. Woods, at punishment. Woods testified for the defense about the
classification system within the prison and segregation classifications for inmates based on
risk assessments. On cross-examination, the State rigorously questioned him about incidents
of prison violence and escapes. Chi argues that he was "sentenced based in part on the inability
of the State of Texas to provide facilities that provide for prevention of dangerous acts by
incarcerated individuals." He claims this situation deprived him of a particularized punishment
assessment.

 The fact that the State may present evidence bearing on the potential for violence in
prison does not guarantee a particular response on the future dangerousness issue. The jury
remains free to weigh and evaluate the evidence presented by the State as well as evidence
presented by the defendant in light of the other evidence and the defendant's particular
circumstances. As pointed out by the State in its brief, Chi's premise is disproved by the fact
that juries do in fact find against the State on the special issues, resulting in life sentences in
some capital murder cases. Point of error four is overruled.

 In his fifth point of error, Chi claims that Article 37.071 is unconstitutional on its face
and as applied because the burden of proof that is implicitly placed on the defendant to produce
mitigating evidence is not reflected in a meaningful charge to the jury. Chi quotes from
Lawton v. State (10) in which we stated:

 We concede that the Texas legislature has not assigned a burden of proof
regarding mitigating evidence. We also concede that the burden is implicitly
placed upon appellant to produce and persuade the jury that circumstances exist
which mitigate against the imposition of death in his case. Appellant complains
that this violates the federal constitution. However, we are unaware of any
constitutional requirement that the burden of proof regarding mitigating
evidence be placed on either party, and to the extent that the burden is on
appellant, we note that it is not unconstitutional to so place the burden.

Chi argues that the burden falls on the defendant under the statute but the statute fails to define
the parameters of the implicit burden.

 There is no burden of proof placed on either party under the statute. Just as a defendant
may feel compelled to present evidence in an effort to persuade the jury that there are
circumstances mitigating against the imposition of death, so is the State motivated to present
evidence that there are circumstances that outweigh such a finding. The statute is not
unconstitutional for its failure to ascribe a burden to one of the parties. (11) Chi does not
persuade us otherwise. Point of error five is overruled.

 In his sixth point of error, Chi claims Article 37.071 is unconstitutional on its face and
as applied because it fails to provide for appellate review of the mitigation issue. Chi argues
that he is entitled to a sufficiency review of the mitigation issue based on the implicit burden
placed upon him as recognized by the Court in Lawton. (12) As we explained in the previous
point, there is no explicit burden of proof placed upon either party, although both parties may
feel compelled to present evidence in support of their respective positions. And, as we have
explained before, not only is an appellate sufficiency review of the mitigation issue not
constitutionally required, it is not possible. (13) In order to conduct such a review, this Court
would have to assign mitigating or aggravating weight and value to particular evidence, a
function reserved for the jury. (14) Point of error six is overruled.

 The judgment of the trial court is affirmed.


DATE DELIVERED: May 26, 2004


DO NOT PUBLISH
1. Tex. Penal Code Ann. § 19.03(a). 
2. Art. 37.071 § 2(g). Unless otherwise indicated, all references to Articles refer to the
Texas Code of Criminal Procedure.
3. Art. 37.071 § 2(h). 
4. 530 U.S. 466 (2000).
5. 122 S.Ct. 2428 (2002).
6. Resendiz v. State, 112 S.W.3d 541, 550 (Tex. Crim. App. 2003). 
7. See McGinn v. State, 961 S.W.2d 161, 169 (Tex. Crim. App.), cert denied, 525 U.S. 967
(1998).
8. Jackson v. Virginia, 443 U.S. 307, 319 (1979). 
9. Garcia v. State, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001), cert. denied, 537 U.S.
1195 (2003).
10. 913 S.W.2d 542, 557 (Tex. Crim. App. 1995), cert. denied, 519 U.S. 826 (1996),
overruled on other grounds, Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998).
11. Lawton, 913 S.W.2d at 557-58.
12. Id.
13. Id. at 556.
14. Id.